**WO**                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Camacho, | )   No. CV 08-1417-PHX-MHM (ECV) |
| Plaintiff, | )   **ORDER** |
| vs. | ) |
| Dora Schriro, et al., | ) |
| Defendants. | ) |

On July 31, 2008, Plaintiff Rene Camacho, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis*. In an August 7, 2008 Order, the Court denied the Application to Proceed because it was filed on an outdated form and gave Plaintiff 30 days to file a new Application to Proceed *In Forma Pauperis* or pay the $350.00 filing fee.

On August 20, 2008, Plaintiff filed his second Application to Proceed *In Forma Pauperis* (Doc. #5). The Court will grant the second Application to Proceed and will dismiss the action.

**I.     Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The

Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III.  Complaint

In his one-count Complaint, Plaintiff sues Defendants Arizona Department of Corrections Director Dora Schriro, Discipline Coordinator Sergeant Qualls, and Warden Ivan Bartos. Plaintiff contends that he was denied his right to due process in a disciplinary proceeded that resulted in his loss of good-time credits and his placement on Parole Class III status. In his Request for Relief, he seeks monetary damages, the expungement of the disciplinary case from his prison record, and a parole hearing without the disciplinary case on his record.

## IV.  Failure to State a Claim

"[A] state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002). In addition, if a judgment for Plaintiff regarding the denial of due process in a prison disciplinary proceeding would invalidate or imply the invalidity of the deprivation of good-time credits, the claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994), unless Plaintiff can show that the disciplinary conviction has been

1  previously invalidated. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); Heck, 512
2  U.S. at 486-87; Nonnette, 316 F.3d at 875. See also Wilkinson v. Dotson, 544 U.S. 74, 81-
3  82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter
4  the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state
5  conduct leading to conviction or internal prison proceedings)–*if* success in that action would
6  necessarily demonstrate the invalidity of confinement or its duration.").

7  Here, Plaintiff's claim, if decided in his favor, would either invalidate or imply the
8  invalidity of the deprivation of his good-time credits and his parole class placement. Because
9  Plaintiff has not demonstrated that his prison disciplinary proceeding has been reversed,
10 expunged, declared invalid, or called into question by a federal court's issuance of a writ of
11 habeas corpus, his claim is barred by Heck. Therefore, the Court will dismiss Count One and
12 the Complaint.

13 **IT IS ORDERED:**

14 (1) Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. #5) is
15 **granted**.

16 (2) As required by the accompanying Order to the appropriate government agency,
17 Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

18 (3) The Complaint (Doc. #1) is **dismissed** for failure to state a claim pursuant to
19 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

20 (4) The Clerk of Court must make an entry on the docket stating that the dismissal
21 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

22 DATED this 12th day of September, 2008.

Mary H. Murguia
United States District Judge